## SWENSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6911.

Circuit Court of Appeals, Fifth Circuit.

March 13, 1934.

E. D. Gatlin, of Breckenridge, Tex., for petitioner.

E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and B. A. Low, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and Sewall Key, John H. McEvers, and Walter L. Barlow, Sp. Assts. to Atty. Gen., for respondent.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This case heretofore was in this court on the petition of the respondent, the Commissioner of Internal Revenue, for review of the action of the Board of Tax Appeals on, the petition of the petitioner herein, the executor of the estate of Mrs. Christina Swenson, deceased, for a redetermination of an assessment of a deficiency of income tax for the year 1919, made by the respondent against the petitioner, which assessment was a result of a finding by the respondent that 2,400 shares of the capital stock of the Swensondale Oil Company, a Texas corporation, received in 1919 for an oil and gas lease on 414 acres of land, owned in community by the taxpayer, petitioner's testatrix, and her husband, Peter Swenson, had at the time of that transaction a fair market value of $240,000, the nominal par value of that stock. Because of errors indicated in the opinion rendered by this court when the case was here before, the decision of the Board of Tax Appeals then under review was reversed, and, as directed in that opinion, the cause was "remanded for further proceedings not inconsistent with this opinion." Commissioner of Internal Revenue v. Swenson (C. C. A.) 56 F. (2d) 544, 548. The mandate of this court conformed with the direction contained in the opinion. After the remandment of the cause, the petitioner entered an amended motion that the Board of Tax Appeals hear additional evidence and transfer the case to the circuit calendar, and the respondent moved the Board of Tax Appeals to enter an order of redetermination that for the calendar year 1919 there is a deficiency in tax of $1,500 for the year 1919 and a deficiency in payment of $48,327.63, "as shown by the attached computation made in accordance with and pursuant to the judgment and mandate of the United States Circuit Court of Appeals for the Fifth Circuit." The Board of Tax Appeals made the order moved for by the respondent, without expressly acting on the motion made by the petitioner, the Board's order as originally made on June 2, 1932, reciting: "The respondent having filed a recomputation made in accordance with and pursuant to the opinion and mandate of the United States Circuit Court of Appeals for the Fifth

Circuit," and that order as it was amended reciting: "On June 2, 1932, the Board made and entered an order of final determination in pursuance of the mandate of the Circuit Court of Appeals for the Fifth Circuit."

The order of the Board of Tax Appeals which is under review indicates that the Board construed the mandate of this court as indicating what order of final determination was to be made by that Board, and as having the effect of requiring or directing the Board to enter judgment in favor of the Commissioner on the basis of the fair market value of the stock issued for the oil and gas lease being equal to its par value, as found by the Commissioner, with the result that the Board of Tax Appeals made no finding of its own, based on its consideration of the evidence before it, as to what was the fair market value of the stock mentioned at the time it was received by the taxpayer for the oil and gas lease.

 The above referred to opinion of this court shows that the reversal of the decision of the Board of Tax Appeals then under review was based upon the conclusions that that Board had erred in finding from the evidence before it that the mentioned corporate stock had no market value at the time it was received for the oil and gas lease, and in assuming or concluding that the burden was on the Commissioner of Internal Revenue to prove that at the time of the execution of that lease the stock received in exchange therefor had a fair market value and what that market value was. An effect of the remandment of the cause to the Board of Tax Appeals "for further proceedings not inconsistent with this opinion" was to enable that Board to act on the petition for redetermination which by the remandment again was submitted to it, and to direct it in doing so to avoid the errors which had vitiated its former decision. The ruling of this court plainly contemplated a resubmission of the case to the Board of Tax Appeals and a reconsideration by that tribunal of evidence before it. Nothing contained in the opinion or the mandate indicated that the Board of Tax Appeals was to refrain from passing on the evidence submitted to it, or was to be bound by the finding of the Commissioner of Internal Revenue on the subject of the fair market value of the corporate stock mentioned at the time it was received for the oil and gas lease. This court did not direct the Board of Tax Appeals to adopt or accept a computation based on findings made by the Commissioner of Internal Revenue, and did not intimate that that Board was at liberty to refrain from considering evidence submitted to it and reaching its own conclusions therefrom. After the reversal of the decision of the Board of Tax Appeals which formerly was reviewed by this court and the remandment of the cause for further proceedings not inconsistent with this court's opinion, the duty of the Board to act on the petition for redetermination was not different from what it was before the former erroneous decision was rendered; the mandate of this court having the effect of restoring to that Board the power it had when the case was first before it, except that its further proceedings were forbidden to be inconsistent with this court's opinion. Houston v. Commissioner of Internal Revenue (C. C. A.) 53 F.(2d) 445. The duty mentioned was not performed, as the Board, instead of considering the evidence submitted and reaching its own conclusions therefrom, treated as binding on itself findings made by the Commissioner of Internal Revenue. By so doing error was committed.

██ The Board of Tax Appeals being a tribunal which is charged with the duty of passing on both questions of law and issues of fact presented in a case within its jurisdiction, when, as a result of a reversal and a remand, a case comes again before the same tribunal, that tribunal is not bound to receive evidence in addition to that previously given unless ordered to do so by the appellate court. In the hearing which resulted in the decision which was reversed by this court, the petitioner had full opportunity to submit any legal evidence he desired to submit. The admission of additional evidence after the case was remanded was a matter resting in the discretion of the Board of Tax Appeals. It does not appear from the record that that discretion was abused by the Board's failure to grant petitioner's motion that additional evidence be admitted.

Because of the above-mentioned error, the order under review is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.