## McCARTHY v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8304.

Circuit Court of Appeals, Seventh Circuit.
Dec. 13, 1943.

See, also, 44 B.T.A. 417.

John D. Clancy, of Chicago, Ill., for petitioner.

J. P. Wenchel and John T. Rogers, Bureau of Internal Revenue, both of Washington, D. C., and Samuel O. Clark, Jr., Sewall Key, J. Louis Monarch, Helen Goodner, and Fred E. Youngman, Asst. Attys. Gen., for respondent.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

The taxpayer petitions for review of an order of the Tax Court entered March 16, 1943, denying his motion to vacate a decision of that court entered October 15, 1942, pursuant to mandate of this court, and for review of the decision of October 15.

This is the second time we have been asked to review the decision of the Tax Court relating to the tax deficiency here involved. July 8, 1942, on the petition of the Commissioner, we reversed a decision permitting the taxpayer to deduct as a loss under § 23(e) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 23(e), his investment in a parcel of real estate claimed to have been abandoned by him during that tax year. We therefore, on July 31, remanded the cause to the Board for further proceedings. Commissioner v. McCarthy, 7 Cir., 129 F.2d 84. Upon remand, the Board, on August 17, 1942, issued an order directing the parties to submit computations on the tax liability of the petitioner "or otherwise move in respect to the case," on or before September 16, 1942. A copy of this order was duly served by registered mail upon one Raymond Duggan, an accountant who had represented petitioner in the proceedings before the Board and who was the only counsel of record for him so far as its records showed.

The Commissioner submitted a computation, in response to the order of the Board; both parties were given an opportunity to be heard on October 14, at which time there was no appearance for the taxpayer.

The Board then entered its order on October 15, determining the deficiency in the amount originally fixed by the Commissioner. A copy of this decision was also served upon Duggan by registered mail. Petitioner did not within the time allotted by statute for review of decisions of the Board of Tax Appeals (now Tax Court) petition for such review.

On December 8, 1942, one Clancy, the attorney who had represented the taxpayer in the proceedings before the Court of Appeals, wrote to the Tax Court regarding it. The clerk replied on December 15, explaining what had been done, including the fact of service on Duggan of all documents relating to the proceeding. Clancy replied on December 28, that he had had no notices of anything after the remand, and he wished to make a motion. The clerk, in reply January 5, stated that Clancy was enrolled to practice before the Tax Court, and if he intended to take any further action, he should enter appearance for the taxpayer, and further, that under section 1005 of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Code § 1140, it would appear that the decision had become final thirty days after its entry. Clancy entered appearance on January 18, noting thereon that Duggan who had formerly represented the taxpayer was then in the armed forces of the United States and no longer available. Thereafter, on March 12, Clancy filed motion for leave to file out of time a motion to reopen the proceeding and for rehearing.

On the foregoing facts the Tax Court held that it was without jurisdiction to vacate the decision which had then become final under the statute, and to reopen the proceeding. It further stated, however, that if it had jurisdiction, the two motions tendered by petitioner did not set forth matters which moved the court in its discretion to reopen the proceeding.

Section 1005(c) (3) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Code, § 1140 (c) (2) provides that if the decision of the Board of Tax Appeals (now Tax Court) is modified or reversed by the Circuit Court of Appeals, and no petition for certiorari filed, "then the decision of the Board rendered in accordance with the mandate of the Circuit Court of Appeals shall become final on the expiration of 30 days from the time such decision of the Board was rendered, unless within such 30 days either the Commissioner or the taxpayer has instituted proceedings to have such decision corrected so that it will accord with the mandate, in which event the decision of the Board shall become final when so corrected."

■■ Under the statutory mandate as to finality of decisions, it would seem clear that the court had no power to reopen the proceeding after November 15. Petitioner, however, contends that the court did have such power for the reason that the decision in question was not rendered in accordance with the mandate of this court. He construes our opinion to mean that our reversal was based on the absence of findings by the Board, and contends that it was the duty of the Board upon the remand to make such findings, quoting several passages from the opinion to sustain this contention. While it is true that we did comment on the absence of findings in several respects, it did not appear to us then, nor does it now, that in view of the record presented, new findings could be rendered which would support a holding that petitioner was entitled to the deduction claimed. There was a complete failure of proof of elements as to which the burden was upon the taxpayer claiming the deduction. The Tax Court was not bound upon remand to permit him to introduce new evidence, since he had had full opportunity to submit any evidence he wished to upon the original hearing. Mertens, Law of Federal Income Taxation, Vol. 9, § 51.33; Swenson v. Commissioner, 5 Cir., 69 F.2d 280. Cf. Bankers' Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 53 S.Ct. 150, 77 L.Ed. 325. Hence, under the facts presented in this case, the only thing that remained for the court to do upon the remand was to make the computation of the amount due and render its decision accordingly.

The court gave both parties opportunity to submit computations by notice served upon both in accordance with its rules. That the notice did not in fact reach petitioner was due to no fault of the Tax Court or the Commissioner, neither of whom had any way of knowing that Duggan had gone into military service without making provision for taking care of any registered mail that might be sent him. The record affirmatively shows receipt of all pieces of registered mail referred to, addressed by the court to Duggan. Presumably the taxpayer (who is himself an attorney) knew that the accountant who represented him before the Board and

whose appearance was the only one of record before it was no longer available, having been inducted into the armed forces of the United States, and that the counsel who had succeeded him for purposes of the review before this court had not been substituted there in accordance with the rules of the Tax Court. He states in his brief that "he was unable to contact his counsel to obtain a withdrawal of his appearance or a written request to serve upon another party; consequently petitioner has been unduly injured by the entry of his counsel into the Armed Forces." However, we have no doubt that if these circumstances had been made known to the Tax Court in time, after receipt of the mandate of this court, for it to serve further notices upon substituted counsel it would have done so, notwithstanding the requirements of its rules as to substitution. Rules made pursuant to statutory authorization by a court or administrative body to govern procedure before it are merely procedural and may, for good cause shown, be relaxed. Cf. Board of Tax Appeals v. United States, 59 App.D.C. 161, 37 F.2d 442.

The same is not true of the statute fixing dates when decisions become final. Congress has limited the time for applications for any modification of the decision to a period of thirty days after its entry, and provided that the decision "shall become final" after the expiration of those thirty days in the absence of proceedings by either the taxpayer or the Commissioner to have such decision corrected. This is mandatory. Hence we have no jurisdiction to entertain the taxpayer's petition to review insofar as it relates to the decision of October 15, since that petition was not filed within the 30 days after its entry. Virginia Lincoln Furniture Corp. v. Commissioner, 4 Cir., 67 F.2d 8.

■ Insofar as the petition to review relates to the denial of the motion for reopening the proceeding and rehearing, we are equally without jurisdiction to review the action of the Tax Court. Even if the motion to vacate the decision of the court and for rehearing had been filed in time, presenting as it did a matter within the sound discretion of the court, it would not have been reviewable by this court except for abuse of discretion. Skenandoa Rayon Corp. v. Commissioner, 2 Cir., 122 F.2d 268; Tonopah Mining Co. v. Commissioner, 3 Cir., 127 F.2d 239; Commissioner v. Sussman, 2 Cir., 102 F.2d 919; Oviatt's v. Commissioner, 9 Cir., 128 F.2d 352. Since the motion for leave to file it was presented out of time, the court committed no error in holding that it was without jurisdiction to entertain it, and its order denying the leave is not such a decision as is reviewable by this court under the provisions of § 1141 of the Revenue Code.

The petition to review the decision of the Tax Court is dismissed.