## COMMISSIONER OF INTERNAL REVENUE v. LINCOLN ELECTRIC CO.

### No. 10728.

United States Court of Appeals
Sixth Circuit.

Aug. 29, 1949.

Hilbert P. Zarky, Washington, D. C.
(Theron Lamar Caudle, Ellis N. Slack,
Lee A. Jackson, and Hilbert P. Zarky,
Washington, D. C., on the brief), for pe-
titioner.

Thomas V. Koykka, Cleveland, Ohio (Ashley M. Van Duzer, Thomas V. Koykka, McKeehan, Merrick, Arter & Stewart, Cleveland, Ohio, on the brief), for respondent.

Before HICKS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

This appeal involves the construction to be given to our former opinion and ruling in this same case, reported in Lincoln Electric Company v. Commissioner, 6 Cir., 162 F.2d 379, in which the judgment of the Tax Court was reversed and the case remanded for further proceedings. Petitioner contends that the Tax Court incorrectly construed our opinion and mandate in entering its second judgment, review of which is herein sought.

The facts are fully set out in Lincoln Electric Company v. Commissioner, 6 T. C. 37, and only a brief summary is here necessary. During the taxable years 1940 and 1941, The Lincoln Electric Company expended certain sums for the payment of premiums on an employees' retirement annuity policy taken out in 1936. In 1941, it also paid an additional sum into a trust which had been created for the benefit of certain employees. The taxpayer deducted these payments from gross income in its returns for the years 1940 and 1941. The Commissioner disallowed the deductions and determined a tax deficiency for each year. The Tax Court sustained the Commissioner, 6 T.C. 37. In those proceedings the taxpayer contended that the payments were proper deductions from gross income as (1) compensation paid for personal services actually rendered; or (2) ordinary and necessary expenses paid in carrying on a trade or business; or (3) an item of the cost of goods sold. Section 23(a) (1) (A), 22(a), Internal Revenue Code, 26 U.S.C.A. §§ 22(a), 23(a) (1) (A). The Tax Court rejected all three contentions. On review by this Court, we held that the Tax Court was in error in holding that such payments were not ordinary and necessary expenses paid for carrying on taxpayer's trade or business,

reversed the judgment, and remanded the case to the Tax Court for proceedings in conformity with our opinion.

Thereafter in the Tax Court the Commissioner moved that the Court "pursuant to the mandate, proceed to consider and decide the question of the reasonableness of the claimed deductions, either upon the present record or upon such further hearing as to this Honorable Court may seem requisite and appropriate." The Tax Court construed our opinion and ruling as holding that the disallowed deductions constituted ordinary and necessary expenses paid by the taxpayer in carrying on a trade or business, and that it was without jurisdiction under the opinion and mandate to consider the question of the reasonableness of the contested payments, overruled the motion, and ordered that its prior ruling adjudicating tax deficiencies for the years 1940 and 1941 be vacated and set aside. A recomputation of the alleged deficiencies under Rule 50 allowing the deductions in full resulted in its judgment of January 15, 1948 in which it was "Ordered and Decided: That for the years 1940 and 1941 there are no deficiencies in income, declared value excess-profits, and excess-profits taxes; * * *." It also found certain overpayments to have been made by the taxpayer. It is this ruling which the Commissioner now seeks to review.

Section 23(a) (1) (A) of the Internal Revenue Code provides that in computing net income there shall be allowed as deductions "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *." The Commissioner contends that (1) although it was held that the payments in question were ordinary and necessary expenses in carrying on the taxpayer's business, they were nevertheless compensatory in nature, that neither the Tax Court nor this Court denied their compensatory character, and that under the express provisions of the statute they were limited to a reasonable amount; and (2) regardless of

whether the payments were compensatory in nature the question of the reasonableness of the amount was still a factor for decision which must necessarily be passed on in the first instance by the Tax Court. The taxpayer contends, that under our former ruling the payments cannot be considered as compensatory in nature; that having been adjudicated ordinary and necessary expenses within the provisions of the statute, they must be automatically allowed by the Tax Court as deductions as a matter of law; and that the statute does not authorize the Tax Court to limit such expenses to a reasonable amount as is provided in the case of compensation payments to employees.

In our first opinion we did not rule on whether or not the payments in question were compensatory in nature. The Tax Court had held that the payments "did not constitute compensation paid for services rendered" within the wording of the statute. 6 T.C. 37, at page 55. It had also expressly rejected the further contentions that the payments be considered as ordinary and necessary expenses or as an item of the cost of goods sold. On review we stated the question before us for decision as follows: "We come then to a consideration whether, as a matter of law, the disallowed deductions constituted ordinary and necessary expenses paid by the taxpayer during the taxable years in carrying on a trade or business. If reasonably, and in view of the purpose of § 23(a) (1) they constitute such expenses it will not become necessary to consider whether they are allowable deductions because they constitute compensation for personal services actually rendered, * * *." 162 F.2d 379, at page 382. We then held that it was reasonably clear that the payments were expenses and proceeded to discuss whether they further qualified as both ordinary and necessary expenses. We closed with the statement that the Tax Court was in error in its ruling that the payments did not constitute ordinary and necessary expenses. This being sufficient for a reversal of the judgment, we did not consider or rule upon either of the other two contentions

of the taxpayer. The following statement in the concluding portion of our opinion seems very clear in that respect: "So concluding, there is no purpose in discussing the payments either as compensation, or as cost of production." The ruling of the Tax Court on those two points was accordingly left undisturbed.

■ The Commissioner contends that the Tax Court's ruling that the payments "did not constitute compensation for services rendered," was not a ruling that the payments were not compensatory in nature; that accepting our ruling that the payments fall within the classification of ordinary and necessary expenses they are nevertheless compensatory in nature so as to be subject to the express limitation of reasonableness contained in the statute. The express statutory limitation of reasonableness does not apply to payments which are merely compensatory in nature; it only applies to salaries or compensation "for personal services actually rendered" which characterization was rejected by the Tax Court. We accordingly reject the Commissioner's first contention that although we classified the payments as ordinary and necessary expenses they were also compensatory in nature and so limited to a reasonable amount.

■ The deduction authorized by our prior ruling was plainly based on the broader ground of ordinary and necessary expenses, which would include items not of a compensatory nature, such as rent, advertising, transportation and communication charges, repairs and other such operating charges. Such payments are made proper deductions by the statute, but with respect to them there is no express statutory provision limiting them to a reasonable amount, as is the case in payments of compensation for personal services. However, the element of reasonableness is inherent in the phrase "ordinary and necessary." Clearly it was not the intention of Congress to automatically allow as deductions operating expenses incurred or paid by the taxpayer in an unlimited amount. Compare Botany Worsted Mills v. United States, 278 U.S. 282, 292, 49 S.Ct. 129, 73

L.Ed. 379. In Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203, the Supreme Court considered the question of traveling expenses, which is also allowed as a deduction under § 23(a) (1) (A). The statute did not expressly limit traveling expenses to those reasonable in amount, but § 19.23(a)-2, Treasury Regulations 103 provided that only the reasonable and necessary traveling expenses were deductible expenditures under the statute. The Supreme Court approved the construction given to the section by the Regulation and ruled, 326 U.S. page 470, 66 S.Ct. page 252, that traveling expenses, in order to be deductible under the statute, must be reasonable and necessary. In Limericks, Inc., v. Commissioner, 5 Cir., 165 F.2d 483, 484, the Court considered rental payments as a proper deduction under the same statute. As in the other instance, the statute contained no express provision limiting rentals to a reasonable amount. The Tax Court had found that the premises under consideration were greatly overvalued as to rental and reduced the deduction to a reasonable amount. The Court of Appeals affirmed this ruling, stating: "The statute contains no express limitation with respect to the reasonableness of the amounts as a condition to deduction, but rentals or other payments for the use of property which are excessive in amount taking into consideration all the facts of the particular case, do not constitute ordinary and necessary business expenses."

 If business expenses must be reasonable in amount in order to be deductible under the statute, the question of reasonableness is necessarily a question of fact for determination in the first instance by the Tax Court. Ecco High Frequency Corp. v. Commissioner, 2 Cir., 167 F.2d 583, 585; In re Rae's Estate, 3 Cir., 147 F.2d 204, 207-208. In our first opinion in this case, in discussing whether the payments were ordinary and necessary expenses or payments of compensation for personal services rendered, we said: "* * * in any event we will not be obliged to determine their reasonableness, for that is concededly within the exclusive province of the Tax Court

and it has given no consideration to it in view of its decision that the payments were *neither* ordinary and necessary expenses *nor* compensation." (Emphasis added.) On that appeal we had before us the pure legal question of whether the payments involved were of such a character as to qualify them as ordinary and necessary expenses. The Tax Court had held as a matter of law that they were not. We stated in presenting the question, 162 F.2d page 382: "We come then to a consideration whether, *as a matter of law,* the disallowed deduction constituted ordinary and necessary expenses * * *." (Emphasis added.) The opinion throughout dealt with the nature and character of the payments, not with the amounts. The factual question of the reasonableness of the amounts paid was not passed upon by the Tax Court. There is no authority in this Court, acting as a reviewing tribunal, to make such an initial finding, even if there is evidence in the record on which such finding could be based. § 1141(c) (1), I. R. C., 26 U.S.C.A. § 1141(c) (1); Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343; Commissioner v. Goulder, 6 Cir., 123 F.2d 686, 689. As a matter of strict interpretation of our ruling, the taxpayer is incorrect in stating that we held the payments to be ordinary and necessary expenses and deductible in full. What was actually decided was that the Tax Court was in error in its interpretation of the law and in its ruling that the payments were not of a deductible character. We so stated in the closing sentences. The ruling of the Tax Court was reversed. The case was remanded to the Tax Court for proceedings in conformity with our opinion. This had the effect of restoring to the Tax Court all the authority that it possessed when the case was first before it, except that it was required to conform to the ruling of the Court. Swenson v. Commissioner, 5 Cir., 69 F.2d 280; Houston v. Commissioner, 3 Cir., 53 F.2d 445. The motion of the petitioner should have been sustained.

The judgment of the Tax Court is reversed and the action is remanded for

proceedings in conformity with the views expressed herein.

ALLEN, Circuit Judge (dissenting).

I regret that I cannot agree with the judgment of my brothers. This conclusion reads into the statute a limitation which in my judgment does not exist there, namely, that business expenditures in order to be deductible under the statute must be not only ordinary and necessary but reasonable in amount.

I agree that Congress did not intend automatically to allow as deductions operating expenses paid by the taxpayer in an unlimited amount. But the limitation which Congress imposed to prevent this was that the expenditures be ordinary and necessary. This took care of the situation feared. Cf. Botany Worsted Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379. The Supreme Court did not find the expenses there involved to be unreasonable, but "extraordinary, unusual and extravagant" (278 U.S. page 292, 49 S.Ct. page 133), and held that because of this they could not be regarded as ordinary and necessary expenses. This holding does not support the majority conclusion here, for this court, in a judgment which is now the law of the case, has held the expenditures in question to be ordinary and necessary.

Nor does Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203, cover the instant controversy. This case involves a construction of the specific provisions of § 23(a) and § 19.23(a)-2 of Treasury Regulations 103, which relate to and define the limitations of travel expenses incurred in the pursuit of business within the meaning of this section. It does not hold that the additional requirements which Congress has specified for the enumerated classes of expenditures such as salaries or compensation for personal services, traveling expenses, and rentals or other payments for the use or possession of property must be fulfilled in order to make deductible types of expenditure, such as those involved herein, allowable under the statute but not included in one of these specific classes.

The judgment of the court in effect grants a rehearing of a case in which final judgment has been rendered and from which no review proceedings were prosecuted.

The order of the Tax Court should be affirmed.