THE LINCOLN ELECTRIC COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1296. Promulgated March 26, 1952.

*Thomas V. Koykka, Esq.*, for the petitioner.
*Thomas F. Callahan, Esq.*, for the respondent.

**OPINION.**

LeMire, *Judge:* In this further proceeding under the mandate of the Court of Appeals, the sole issue to be determined is the reasonableness of certain payments made by petitioner in the taxable year 1941, as ordinary and necessary expenses of carrying on its business.

Petitioner has properly assumed the burden of establishing the fact of reasonableness. Petitioner contends that the payments made upon its retirement annuity program and its employees' trust are part of the long established and successful incentive system, and are a part of the costs of making that system operate. Petitioner argues that the results achieved establish that these expenditures were proper and prudent in amount. The record clearly establishes that petitioner's incentive system materially contributed to increased productivity,

enhanced earnings, reduced selling prices, avoided labor strife and work stoppages, and developed and retained a cooperative, loyal, efficient and satisfied force of employees.

Petitioner has presented the testimony of its president and superintendent and other industrialists having incentive plans, as well as the testimony of qualified and outstanding economists, who have made an intimate study of the operation and the practical results achieved by petitioner's incentive system. These witnesses expressed the opinion that adjudged by the results achieved the contested payments in 1941 were reasonable in amount. The opinions of the economists were supported by many charts, graphs, and statistical data of petitioner and other industries for comparative purposes.

The respondent presented no affirmative evidence, and cross-examined only a few of such witnesses and to a very limited extent. From the respondent's argument, on brief, it seems that his position is that the reasonableness of the contested payments as employee compensation may be determined. We think the issue of the reasonableness of the payments as employees' compensation is not now before us. *Commissioner* v. *Lincoln Electric Co.*, 176 F. 2d 815, 817.

We are required by the mandate "to consider the payments in question as ordinary and necessary expenses paid or incurred in carrying on a trade or business" and "to allow them as such" to the extent we determine they are reasonable in amount.

The opinion evidence, when considered with all the other evidence contained in this record, establishes the fact that the contested payments were reasonable in amount and we have so found as an ultimate fact.

We, therefore, hold that petitioner, in the taxable year 1941, is entitled to deduct the sum of $575,206.43 paid upon the employees' retirement annuity policy, and the sum of $1,000,000 contributed to the employees' trust, as ordinary and necessary expenses of carrying on its business, under section 23 (a) (1) (A) of the Internal Revenue Code.

*Decision will be entered under Rule 50.*