KENNETH M. WELLS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wells v. Commissioner
Docket No. 6088-76.
United States Tax Court
T.C. Memo 1977-419; 1977 Tax Ct. Memo LEXIS 22; 36 T.C.M. (CCH) 1698; T.C.M. (RIA) 770419; December 7, 1977, Filed Kenneth M. Wells, pro se. Lawrence G. Becker, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1973, in the amount of $822.10. The deficiency resulted from respondent's disallowance of business and entertainment deductions taken by petitioner for business luncheons and a percentage of his country club dues. The questions remaining for decision are as follows: (1) Whether it was an "ordinary and necessary" expenditure within the meaning of section 162(a) [1] for petitioner to pay for various lunches and dinners of his staff members. (2) Whether petitioner has substantiated that his use for business purposes of the Del Paso Country Club exceeded 50 percent of his total use of the club during the year in issue. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time of the filing of *24 the petition herein, Kenneth M. Wells, hereinafter referred to as petitioner, resided in Sacramento, California.Petitioner filed his Federal income tax return for the taxable year 1973 with the Internal Revenue Service Center, Fresno, California. During the year in issue, petitioner was employed by Sacramento County, California, as its Public Defender. The Public Defender's position is a civil service position for which petitioner was compensated by a fixed salary. As Public Defender, petitioner was responsible for supervising an office staffed with a Deputy Public Defender, six supervising attorneys, up to 33 attorneys, one supervising investigator and clerical personnel. On the average, petitioner took eight key staff members to lunch once a month and periodically took two or three staff members and their wives or friends to dinner. One of the purposes of these gatherings was to discuss the operation of the Public Defender's office. The luncheons and dinners were not held in private rooms but instead in the general dining area of the Del Paso Country Club or a public restaurant. The Del Paso Country Club had facilities other than the dining room, including a golf course. *25 Petitioner made use of such facilities. The County of Sacramento reimburses county employees for certain expenses incurred by employees in carrying out their official duties. Petitioner did not ask for, or receive from the county reimbursement for the expenditures here in issue. For purposes of decision, it may be assumed that the expenses claimed by petitioner were not deemed to be reimbursable.
Petitioner had other income from teaching and royalties from published books during the year. Petitioner expended $1,236.20 for the aforementioned luncheons and dinners and $624.00 dues on account of membership in the Del Paso Country Club. Petitioner deducted the cost of the meals and $408.00 of the cost of his membership dues. OPINION During 1973, petitioner was the Public Defender for Sacramento County, California. As the Public Defender, petitioner supervised a large office staff. Approximately once a month petitioner took a number of the key employees under his supervision to lunch at a country club, of which he was a member, or a public restaurant. Occasionally, petitioner took two or three staff members and their spouses or friends to dinner. Petitioner expended $1,236.20 *26 for these meals and $624.00 for membership dues to the country club during 1973. Petitioner deducted the cost of the meals for himself and his staff (including on occasion, their spouses) and $408.00 of a total of $624.00 paid in membership dues. Petitioner contends these expenditures were ordinary and necessary business expenses and therefore are deductible under section 162(a). Section 162(a) provides for a deduction for ordinary and necessary expenses incurred in the carrying on of a trade or business. Inherent in the phrase "ordinary and necessary" is the element of reasonableness. To the extent that an expense is unreasonable, it will not be allowed as a deduction. See Commissioner v. Lincoln Electric Co.,176 F.2d 815 (6th Cir. 1949), cert. denied 338 U.S. 949 (1950). What is an ordinary and necessary business expenditure must, to some degree, be left to the discretion of the individual. Merely because petitioner is employed by the county government does not mean he cannot incur deductible business expenses. Petitioner has responsibility for the operation of the Public Defender's office, with supervision over 33 attorneys. His position *27 was analogous to that of a senior partner in a law firm of comparable size. In such firms, an occasional luncheon meeting with the staff to discuss the operation of the firm would be regarded as an "ordinary and necessary" expense. Likewise, an expenditure, whether for a luncheon or otherwise to mark an anniversary, retirement or other occasion for an employee, might likewise be deemed "ordinary and necessary" as these terms are used in the statute. Such expenditures aid in building morale and loyalty and serve as an inducement for others to work more efficiently. In this case, however, the law firm is the Public Defender's office. The county government does not provide funds for that type of activity. Petitioner chose to defray the cost of luncheons and dinners for his subordinates on a regular basis. It was not something that the usual civil servant could afford. While some benefit may have accrued to the office of the Public Defender, on the facts before the Court, such expenditures do not qualify as "ordinary and necessary" expenses of petitioner, individually, in his position as supervisor of that office. Petitioner also deducted $408 of the $624 he paid in membership *28 dues to the Del Paso Country Club. Section 274(a)(2)(A) provides, in part, that social club dues are to be treated as a deduction with respect to "facilities." Section 274(a)(1)(B) provides in part, that no deduction will be allowed unless the taxpayer established the facility was used primarily for the furtherance of the taxpayer's trade or business. Section 1.274-2(e)(4)(iii)(a), Income Tax Regs., sets forth the criteria for "primary use" of a facility as follows: (iii) Entertainment facilities in general. A taxpayer shall be deemed to have established that-- (a) A facility used in connection with entertainment, such as a * * * country club, golf club or similar social, athletic, or sporting club or organization, * * * was used primarily for the furtherance of his trade or business if he establishes that more than 50 percent of the total calendar days of use of the facility by, or under authority of, the taxpayer during the taxable year were days of business use. * * * The petitioner relies on his use of the country club for the staff luncheons and dinners to show a primary business use. Since we have held that the expenditures failed to meet the business purpose test, *29 the Court must also sustain respondent on the question of the deductibility of the country club dues. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩