ASA M. BAILEY, JR., AND BESSIE M. BAILEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bailey v. Commissioner
Docket No. 928-90
United States Tax Court
T.C. Memo 1991-385; 1991 Tax Ct. Memo LEXIS 450; 62 T.C.M. (CCH) 437; T.C.M. (RIA) 91385; August 12, 1991, Filed *450 Decision will be entered for the respondent except with respect to the additions to tax under section 6653(a). Alvin Hitt, for the petitioners. Randall B. Pooler, for the respondent. COHEN, Judge. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies of $ 7,815, $ 3,415, and $ 1,209 in petitioners' Federal income tax for 1984, 1985, and 1986 and additions to tax under sections 6653(a)(1), 6653(a)(2), 6653(a)(1)(A), 6653(a)(1)(B), and 6661. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the years in issue. The issues for decision are (1) whether petitioners are entitled to deduct as ordinary and necessary business expenses bank charges incurred as a result of continuous overdrafts and (2) whether petitioners are liable for the additions to tax. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Asa M. Bailey, Jr., and Bessie M. Bailey (petitioners) resided in Georgia at the time the petition in this case was filed. During the years in issue, petitioners owned and operated a *451 dry cleaning sole proprietorship, "The Cleaners by Bailey," and a clothes laundering sole proprietorship, "Splendid Cleaners." Both businesses were located in Georgia. Petitioners maintained bank accounts with The Coastal Bank (Coastal Bank), Hinesville Bank, and First Federal Savings of Brunswick. Their business checking accounts were maintained at Coastal Bank. During the years in issue, Mr. Bailey spoke to an officer at Coastal Bank on several occasions to request loans. Coastal Bank denied the loan requests because petitioners were considered a bad credit risk. Petitioners did not seek loans from other banks. Rather, petitioners began a practice of overdrawing on their Coastal Bank accounts. Petitioners developed a dialogue and contact with the executive vice president of Coastal Bank, Ed Edwards, Jr. (Edwards). Edwards or his assistant would call petitioners to notify them of the amount they were overdrawn, and petitioners would make a deposit to cover the overdraft. Coastal Bank permitted petitioners to overdraw their accounts as long as the overdrafts were covered on the same day they occurred. Petitioners incurred bank charges as a result of their overdrawing on *452 their accounts. The bank charges were paid by petitioners and were related to checks written pursuant to the operation of their businesses rather than for personal purposes. The bank charges were a service charge for bank administrative costs incurred as a result of the overdrafts. On their Schedules C for the years in issue, petitioners claimed the following overdraft charges as deductible bank charges: Coastal Bank
Year
Claimed Deduction
Insufficient Funds Charges
1984
$ 33,231.50
$ 32,910.95
1985
30,660.79
30,370.25
1986
6,082.23
6,032.23
(Normal maintenance charges on the accounts were allowed as a deduction by respondent and are not in dispute.) On July 7, 1986, petitioners filed a petition in bankruptcy and, on December 3, 1986, a discharge was entered by the United States Bankruptcy Court for Southern Georgia. OPINION Petitioners argue that their claimed bank charges were deductible ordinary and necessary business expenses. Petitioners have the burden of proving their entitlement to deductions specifically authorized by Congress. Rule 142(a), Tax Court Rules of Practice and Procedure; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 78 L. Ed. 1348, 54 S. Ct. 788 (1934). *453 Section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business." Deductibility under section 162(a) is dependent upon the taxpayer's establishing that an expense is "normal, usual or customary" in the taxpayer's trade or business and reasonable in relation to its purpose. Deputy v. du Pont, 308 U.S. 488, 495, 84 L. Ed. 416, 60 S. Ct. 363 (1940); United States v. Haskel Engineering & Supply Co., 380 F.2d 786, 788-789 (9th Cir. 1967); Commissioner v. Lincoln Electric Co., 176 F.2d 815, 817-818 (6th Cir. 1949); Boser v. Commissioner, 77 T.C. 1124, 1132-1133 (1981), revised 79 T.C. II (1982), affd. without published opinion (9th Cir., Dec. 22, 1983). To the extent that an expense is unreasonable, it is not necessary. What is a reasonable expenditure is a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475, 88 L. Ed. 171, 64 S. Ct. 249 (1943); Voigt v. Commissioner, 74 T.C. 82, 89 (1980). Petitioners argue that they paid the bank charges out of desperation because their businesses were failing and that the bank charges were, in light *454 of those circumstances, reasonable and deductible under section 162. Further, petitioners contend that, unlike the facts presented in cases relied on by respondent, petitioners derived no personal inurement from incurring the bank charges and thus the amounts were necessarily deductible business expenses. Mr. Bailey testified that the bank charges were incurred because petitioners could not obtain financing for their businesses. He also testified, however, that he did not seek financing from other commercial lenders. Petitioners were permitted to overdraw their Coastal Bank accounts as long as the amounts overdrawn were covered by deposits on the same day the overdraft occurred. Petitioners have not explained why they did not make deposits to cover checks written before they were presented. If they had the cash available to cover the checks, they could have avoided the bank charges. Petitioners' real reason for engaging in this peculiar pattern of conduct is undisclosed but, on the basis of the entire record, we cannot conclude that petitioners derived no personal benefit from their conduct or that the business nature of the payments made the bank charges ordinary and necessary. *455 Petitioners continued their practice of incurring and paying overdraft charges over a 3-year period, and the total amounts paid were substantial. Petitioners argue that the percentage of bank charges was reasonable in relation to their gross receipts and in relation to the amount of interest expense they incurred in 1984 and 1985. Those percentage relationships are not helpful. The issue to be decided is whether the total amount of bank charges was reasonably incurred. In that regard, petitioners have presented no persuasive evidence that such high amounts of bank charges were normal, usual, or customary in a dry cleaning or clothes laundering business, and we doubt that such evidence exists. Under the circumstances, the total amounts incurred appear to be patently unreasonable. Finally, petitioners argue that the bank charges were a form of substituted interest on a short-term loan. This argument has no merit. Bank charges occur simultaneously with a transaction in which there are insufficient funds to cover a check, do not vary with the amount of the check, and are incurred to compensate a bank for administrative costs associated with overdraft transactions. By contrast, *456 interest is compensation for the use or forbearance of money over time. Dickman v. Commissioner, 465 U.S. 330, 339, 79 L. Ed. 2d 343, 104 S. Ct. 1086 (1984); Deputy v. du Pont, 308 U.S. 488, 498, 84 L. Ed. 416, 60 S. Ct. 363 (1940); Old Colony Railroad Co. v. Commissioner, 284 U.S. 552, 560, 76 L. Ed. 484, 52 S. Ct. 211 (1932); Albertson's Inc. v. Commissioner, 95 T.C. 415, 421 (1990). The amounts in issue were determined solely by the number of transactions and not by either the amount or time involved. This case must be decided on its particular facts and, on that basis, we conclude that petitioners have not sustained their burden of proving that their claimed bank charges on overdrafts were ordinary and necessary expenses of petitioners' businesses. Sections 6653(a)(1) and 6653(a)(1)(A), for the years in issue, provide for an addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of the rules or regulations. Sections 6653(a)(2) and 6653(a)(1)(B), for the years in issue, provide for a further addition to tax equal to 50 percent of the interest due on the portion of the underpayment attributable to negligence. *457 For purposes of section 6653(a), negligence is the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Generally, the addition to tax is not imposed where a taxpayer's positions are taken in good faith and based on advice of a competent tax expert. Otis v. Commissioner, 73 T.C. 671, 675 (1980), affd. without published opinion 665 F.2d 1053 (9th Cir. 1981). Mr. Bailey testified that he relied on the advice of petitioners' tax return preparer in claiming the bank charges as ordinary and necessary business expenses. We have no basis for rejecting Mr. Bailey's testimony on this point. The amounts deducted represented payments actually made for the purpose claimed. Only the unreasonableness of the amounts and their continuity prevent deductibility under these circumstances. The additions to tax under section 6653(a) will not be sustained. Respondent also determined that petitioners are liable for the section 6661 addition to tax for 1984. Petitioners have presented neither evidence nor argument with respect *458 to that addition to tax. None of the grounds for avoiding this liability appear to exist. To reflect the foregoing, Decision will be entered for the respondent except with respect to the additions to tax under section 6653(a).