T.C. Memo. 2007-113

UNITED STATES TAX COURT

DAVID E. BENSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22965-05.                    Filed May 2, 2007.

David E. Benson, pro se.

<u>Ann M. Welhaf</u> and <u>Michael A. Raiken</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency of

$2,316 in, and an accuracy-related penalty under section 6662(a)[1]

of $463.20 on, petitioner's Federal income tax (tax) for 1999.

---

[1]All section references are to the Internal Revenue Code
(Code) in effect for the year at issue.  All Rule references are
to the Tax Court Rules of Practice and Procedure.

The issues remaining for decision are:

(1) Is petitioner entitled to deduct certain legal fees in determining his Schedule C net loss?  We hold that he is not.

(2) Is petitioner entitled to deduct certain claimed gifts to customers and prospective customers?  We hold that he is not.

(3) Is petitioner liable for the accuracy-related penalty under section 6662(a)?  We hold that he is.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in Falls Church, Virginia, at the time he filed the petition in this case.

During 1999, McKendree Co., Inc. (McKendree), employed petitioner as a salesperson.  At all relevant times, McKendree had in effect an employee reimbursement policy (McKendree's reimbursement policy) that allowed its employees to request reimbursement on a prescribed reimbursement form (reimbursement form) for any employee business expenses that they incurred.  That policy provided in pertinent part:

> Any purchase regardless of how small must have a Purchase Order number (P.O. #) obtained from the Norfolk Parts Department and be accompanied by a Payment/Reimbursement form * * * in order to be reimbursed.

> Payments to employees for the reimbursement of expenses, travel, etc., will be made on the 1st and 15th of each month.  All employees must complete an Authorization Payment/Reimbursement form in order to receive reimbursement * * *

Only those vehicles owned by McKendree are eligible for gas, tire, oil, repairs, etc. to be paid by or charged to the Company. Employees must sign any tickets and include the license plate number for any vehicle expenses charged. In addition, gasoline expenses will be paid or reimbursed only in areas where McKendree does business. Mileage is paid only on the 1st of each month and is two weeks in arrears. All mileage must be entered into the computer by the 25th of each month prior to the 1st of the following month. * * *

Those employees who are paid driving allowances or driving reimbursements must pay their own expenses out of those disbursements. Any personal charges which appear on an invoice presented to McKendree for payment will be deducted from an employee's next pay check * * *

Unauthorized charges in the future will be grounds for immediate dismissal.

During 1999, pursuant to McKendree's reimbursement policy, petitioner received $1,600 from McKendree as an advance on his vehicle expenses for that year ($1,600 McKendree driving allowance).

At no relevant time did McKendree require petitioner to provide gifts to its customers or its potential customers.

On February 24, 1999, petitioner was arrested for and charged with stealing merchandise belonging to COMPUSA, Inc., valued at $200 or more. On June 2, 1999, a grand jury in the Commonwealth of Virginia Circuit Court for the City of Norfolk indicted petitioner for grand larceny (criminal charges). Petitioner hired Christopher Christie (Mr. Christie), an attorney, to represent him in defending against those criminal

charges, for which he paid Mr. Christie $5,500.  On July 23, 1999, petitioner entered into a plea agreement in which he pleaded guilty to the criminal charges.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for his taxable year 1999 (petitioner's 1999 return). Petitioner did not include the $1,600 McKendree driving allowance in total income in his 1999 return.

Petitioner included Schedule A-Itemized Deductions (1999 Schedule A) as part of his 1999 return.  In that schedule, petitioner claimed, inter alia, $12,617 of "Job Expenses and Most Other Miscellaneous Deductions" (job expenses) prior to the application of the two-percent floor imposed by section 67(a). Of that total, petitioner claimed $12,157 as "Unreimbursed employee expenses".  With respect to those claimed unreimbursed employee expenses, petitioner, as required, completed Form 2106, Employee Business Expenses (1999 Form 2106), and included that form as part of his 1999 return.  In the 1999 Form 2106, petitioner claimed the following unreimbursed employee expenses:

| Expense | Amount |
|---|---|
| Vehicle | [1]$10,780 |
| Transportation[2] | 254 |
| Travel[3] | 685 |
| Meals | [4]438 |

[1]Petitioner calculated the $10,780 of claimed vehicle expenses by multiplying his claimed actual vehicle expenses (i.e., $12,015) by the percentage of claimed business use for his vehicle (i.e., 89.72 percent).  Petitioner's claimed actual vehicle expenses consisted of $5,835 for "Gasoline, oil, repairs, vehicle insurance, etc." and $6,180 for "Vehicle rentals".  Petitioner calculated the percentage of claimed business use for his vehicle by dividing his "Business miles" (i.e., 28,810 miles) by "Total miles the vehicle was driven during 1999" (i.e., 32,110 miles).
[2]In the 1999 Form 2106, the expense category "Transportation" covered "Parking fees, tolls, and transportation, including train, bus, etc., that **did not** involve overnight travel or commuting to and from work."  Petitioner did not specify in the 1999 Form 2106 the type(s) of transportation expenses that he was claiming.
[3]In the 1999 Form 2106, the expense category "Travel" covered "Travel expense while away from home overnight, including lodging, airplane, car rental, etc.", but not expenses for meals or entertainment.  Petitioner did not specify in the 1999 Form 2106 the type(s) of travel expenses that he was claiming.
[4]In calculating the $438 of claimed meal expenses, petitioner claimed in the 1999 Form 2106 total meal expenses of $875 and reduced that total by 50 percent, as required by sec. 274(n).

Petitioner did not reduce the vehicle expenses claimed in the 1999 Form 2106 and as part of unreimbursed employee expenses in the 1999 Schedule A by the $1,600 McKendree driving allowance.

As required by section 67(a), petitioner reduced the $12,617 of job expenses claimed in the 1999 Schedule A by two percent of his adjusted gross income (i.e., by $916).  In determining the taxable income reported in petitioner's 1999 return, petitioner deducted the balance (i.e., $11,701), as well as the other

itemized deductions claimed in the 1999 Schedule A that were not subject to the two-percent floor imposed by section 67(a).

Petitioner included Schedule C, Profit or Loss From Business (1999 Schedule C), as part of his 1999 return. In that schedule, petitioner showed his "Principal business or profession, including product or service" as "COMPUTER CONSULTING" and his "Business name" as "POWERPOINT CONSULTING". In the 1999 Schedule C, petitioner showed gross income of $2,000 and claimed total expenses of $13,563 and a net loss of $11,563. The claimed total expenses in the 1999 Schedule C included as an expense for "Legal and professional services" $5,000 ($5,000 claimed legal expense) of the $5,500 that petitioner paid to Mr. Christie to represent him in defending against the criminal charges. In determining the taxable income reported in petitioner's 1999 return, petitioner deducted the total (i.e., $11,563) net loss that petitioner claimed in the 1999 Schedule C.

On August 4, 2005,[2] respondent issued to petitioner a notice of deficiency (notice) for his taxable year 1999. In that notice, respondent disallowed, inter alia, the $5,000 claimed legal expense in the 1999 Schedule C. In the notice, respondent

_____

[2]The parties stipulated that respondent issued the notice to petitioner on May 31, 2005. That stipulation is clearly contrary to the facts that we have found are established by the record, and we shall disregard it. See Cal-Maine Foods, Inc. v. Commissioner, 93 T.C. 181, 195 (1989). The record establishes, and we have found, that respondent issued the notice to petitioner on Aug. 4, 2005.

also determined that petitioner is liable for his taxable year 1999 for the accuracy-related penalty under section 6662(a).

## OPINION

Petitioner bears the burden of proving that the determinations in the notice are erroneous.[3]  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Moreover, deductions are a matter of legislative grace, and petitioner bears the burden of proving entitlement to any deduction claimed.  <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992).  Petitioner was required to maintain records sufficient to establish the amount of any deduction claimed.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

<u>$5,000 Claimed Legal Expense</u>

It is petitioner's position[4] that he is entitled to deduct in the 1999 Schedule C the $5,000 claimed legal expense.

A taxpayer is entitled to deduct under section 162(a) expenses for legal fees "if the suit against the taxpayer 'arises in connection with' or 'proximately results from' the taxpayer's business or profit-seeking activity.  <u>United States v. Gilmore</u>, 372 U.S. 39, 48 (1963); <u>Kornhauser v. United States</u>, 276 U.S.

---

[3]Petitioner does not claim that the burden of proof shifts to respondent under sec. 7491(a).  In any event, petitioner has failed to establish that he satisfies the requirements of sec. 7491(a)(2).  On the record before us, we find that the burden of proof does not shift to respondent under sec. 7491(a).

[4]Although the Court ordered petitioner to file a posttrial brief, he failed to do so.

145, 153 (1928)." <u>O'Malley v. Commissioner</u>, 91 T.C. 352, 361-362 (1988).  In determining whether such expenses are deductible, we must focus on "the origin and character of the claim with respect to which [the] expense was incurred".  <u>United States v. Gilmore</u>, <u>supra</u> at 49.

In support of his position that he is entitled to deduct in the 1999 Schedule C the $5,000 claimed legal expense, petitioner testified:

> It was in the process of building up my business.  I was in computer consulting, computer software, and it was computer equipment that I had tried to purchase at a slight discount.

Petitioner did not present any other evidence in support of his position with respect to the $5,000 claimed legal expense.

On the instant record, we find that petitioner has failed to carry his burden of establishing that the criminal proceeding in which Mr. Christie represented petitioner arose in connection with or proximately resulted from a business or profit-seeking activity of petitioner.  On that record, we further find that petitioner has failed to carry his burden of establishing that the origin and the character of the claim with respect to which the $5,000 claimed legal expense was incurred was a business or profit-seeking activity of petitioner.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled to deduct in the 1999 Schedule C the $5,000 claimed legal expense.

Certain Claimed Gifts

Petitioner did not claim any gifts as unreimbursed employee expenses in the 1999 Schedule A included as part of his 1999 return.  At trial, however, petitioner maintained that he is entitled to deduct as unreimbursed employee expenses for his taxable year 1999 gifts totaling $1,600 that he claims he gave to customers and prospective customers of McKendree (claimed gifts).

Section 162(a) generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  A taxpayer is entitled to deduct under section 162(a) unreimbursed employee business expenses only to the extent that the taxpayer demonstrates that such taxpayer could not have been reimbursed for such expenses by such taxpayer's employer.  Podems v. Commissioner, 24 T.C. 21, 23 (1955).[5]

Section 274(b) provides:

SEC. 274.  DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES.

*    *    *    *    *    *    *

(b) Gifts.--

(1) Limitation.--No deduction shall be allowed under section 162 or section 212 for any expense for gifts made directly or indirectly to any individual to the extent that such expense, when added to prior expenses of the taxpayer for

---

[5]See also Putnam v. Commissioner, T.C. Memo. 1998-285; Marshall v. Commissioner, T.C. Memo. 1992-65.

> gifts made to such individual during the same taxable year, exceeds $25. For purposes of this section, the term "gift" means any item excludable from gross income of the recipient under section 102 which is not excludable from his gross income under any other provision of this chapter, but such term does not include--
>
> > (A) an item having a cost to the taxpayer not in excess of $4.00 on which the name of the taxpayer is clearly and permanently imprinted and which is one of a number of identical items distributed generally by the taxpayer, or
> >
> > (B) a sign, display rack, or other promotional material to be used on the business premises of the recipient.

For certain kinds of expenses otherwise deductible under section 162(a), such as expenses for gifts, a taxpayer must satisfy certain substantiation requirements set forth in section 274(d) before such expenses will be allowed as deductions.

In order for petitioner's claimed gifts to be deductible, such gifts must satisfy the requirements of not only section 162(a) but also section 274(d). To the extent that petitioner carries his burden of showing that the claimed gifts satisfy the requirements of section 162(a) but fails to satisfy his burden of showing that such gifts satisfy the recordkeeping requirements of section 274(d), petitioner will have failed to carry his burden of establishing that he is entitled to deduct such gifts, regardless of any equities involved. See sec. 274(d); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

The recordkeeping requirements of section 274(d) will preclude petitioner from deducting any expenditure otherwise allowable under section 162(a) for a gift unless he substantiates the requisite elements of each such expenditure.  See sec. 274(d); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  A taxpayer is required to

> substantiate each element of an expenditure or use
> * * * by adequate records or by sufficient evidence
> corroborating his own statement.  Section 274(d) con-
> templates that a taxpayer will maintain and produce
> such substantiation as will constitute proof of each
> expenditure or use referred to in section 274.  Written
> evidence has considerably more probative value than
> oral evidence alone.  In addition, the probative value
> of written evidence is greater the closer in time it
> relates to the expenditure or use.  A contemporaneous
> log is not required, but a record of the elements of an
> expenditure or of a business use of listed property
> made at or near the time of the expenditure or use,
> supported by sufficient documentary evidence, has a
> high degree of credibility not present with respect to
> a statement prepared subsequent thereto when generally
> there is a lack of accurate recall.  Thus, the corrobo-
> rative evidence required to support a statement not
> made at or near the time of the expenditure or use must
> have a high degree of probative value to elevate such
> statement and evidence to the level of credibility
> reflected by a record made at or near the time of the
> expenditure or use supported by sufficient documentary
> evidence.  The substantiation requirements of section
> 274(d) are designed to encourage taxpayers to maintain
> the records, together with documentary evidence, as
> provided in paragraph (c)(2) of this section [1.274-5T,
> Temporary Income Tax Regs.].

Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

The elements that a taxpayer must prove with respect to an expenditure for a gift are:  (1) The amount of each expenditure

for a gift, i.e., the cost of the gift to the taxpayer; (2) the time of each such expenditure, i.e., the date of the gift; (3) the description of each such expenditure, i.e., a description of the gift; (4) the business purpose of each such expenditure, i.e., the business reason for the gift or nature of the business benefit derived or expected to be derived as a result of the gift; and (5) the business relationship of each such expenditure, i.e., the occupation or other information relating to the recipient of the gift, including name, title, or other designation, sufficient to establish business relationship to the taxpayer. Sec. 1.274-5T(b)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner testified that he did not use the $1,600 McKendree driving allowance to pay for vehicle expenses, as required by McKendree's reimbursement policy. Instead, according to petitioner's testimony, he used that driving allowance to pay for the claimed gifts totaling $1,600 to customers and prospective customers of McKendree. Petitioner testified:

> I would basically purchase very inexpensive gifts generally under $20, give it either to potential clients or give it to present clients just as a way of greasing the skids. So all the gifts I gave I kept track of. I know what days I gave it on.
>
> Sometimes I don't have exactly who I gave it to, but other times I did. I wasn't exact about writing down the name of the person. All that was done in that year. It was fully expensed, and I basically kept track of that.

\*    \*    \*    \*    \*    \*    \*

> \* \* \* I gave the gifts out on a regular basis, and
> that was basically it.  They were small gifts, no
> receipts needed because they were all under $20.

Petitioner's testimony fails to establish, inter alia,
(1) the recipient of any claimed gift, (2) the business relation-
ship to McKendree or to petitioner of the recipient of any
claimed gift, (3) the amount of any claimed gift, (4) the date of
any claimed gift, (5) a description of any claimed gift, or
(6) the business purpose of any claimed gift.  We shall not rely
on petitioner's testimony to establish his position with respect
to the claimed gifts.  Except for that testimony, petitioner
presented no evidence with respect to the claimed gifts.

The record establishes that McKendree did not require
petitioner to provide gifts to its customers or its potential
customers.  The record does not establish that gifts to customers
and prospective customers of McKendree were employee business
expenses under McKendree's reimbursement policy.

Assuming arguendo that petitioner had established that he
made the claimed gifts to customers and prospective customers of
McKendree and that such claimed gifts were employee business
expenses under McKendree's reimbursement policy, petitioner
admitted at trial that he did not submit any reimbursement forms
for any such gifts, as required by McKendree's reimbursement
policy.  On the instant record, we find that petitioner has

failed to carry his burden of establishing that he could not have been reimbursed by McKendree for the claimed gifts.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 1999 to the deduction under section 162(a) that he claims as unreimbursed employee business expenses for the claimed gifts.[6]

Accuracy-Related Penalty

It is respondent's position that petitioner is liable for his taxable year 1999 for the accuracy-related penalty under section 6662(a) because of negligence or disregard of rules or regulations under section 6662(b)(1).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances. See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990). The term

_____

[6]Assuming arguendo that petitioner had established the deductibility under sec. 162(a) of the claimed gifts, he would still have to satisfy the requirements of sec. 274(b) and (d) and the regulations thereunder. On the record before us, we find that petitioner has failed to satisfy those requirements. See sec. 274(b) and (d); sec. 1.274-3, Income Tax Regs.; sec. 1.274-5T(b)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

"disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).

Failure to keep adequate records is evidence not only of negligence, but also of intentional disregard of regulations. See sec. 1.6662-3(b)(1) and (2), Income Tax Regs.; see also Magnon v. Commissioner, 73 T.C. 980, 1008 (1980).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion.  Sec. 6664(c)(1).  The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess such taxpayer's proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent has the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662.  To meet that burden, respondent must come forward with sufficient evidence indicating that it is appropriate to impose that penalty.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Although respondent bears the burden of production with respect to the accuracy-related penalty that respondent determined for petitioner's taxable year 1999, respondent "need not

introduce evidence regarding reasonable cause * * * or similar provisions. * * * the taxpayer bears the burden of proof with regard to those issues." Id.

Petitioner conceded certain determinations that respondent made in the notice. As a result, petitioner has acknowledged that an underpayment exists for his taxable year 1999.

With respect to the accuracy-related penalty under section 6662(a) that respondent determined for petitioner's taxable year 1999, petitioner testified:

> I keep as accurate records as I always have. I use a computer program to do my taxes. I'm pretty precise about what I put in there and back it up to the best of my ability. I've done this for 30 years. Well, not computerized, but I've used a computer since 1988 doing my taxes.

> *     *     *     *     *     *     *

>      * * * I always go through it, the computer program will check it for any discrepancies, and even then I will go back through it and check it again. So all the calculations are done by the computer, but I do double-check, and the computer will flag anything that is a discrepancy.

The record in this case does not contain any of the records that petitioner testified he maintained. We are not required to, and we shall not, accept petitioner's uncorroborated, self-serving, and conclusory testimony about maintaining records. See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159;

Shea v. Commissioner, 112 T.C. 183, 189 (1999). On the instant record, we find that petitioner did not maintain the records required by section 6001 and section 1.6001-1(a), Income Tax Regs. On that record, we further find that any unidentified records that petitioner may have maintained were not adequate under those provisions. On the instant record, we find that the burden of production that respondent has under section 7491(c) is satisfied. See sec. 1.6662-3(b)(1) and (2), Income Tax Regs.

Except for the testimony quoted above, petitioner presented no evidence, and made no argument, with respect to the accuracy-related penalty under section 6662(a) that respondent determined for petitioner's taxable year 1999. On the instant record, we find that petitioner has failed to carry his burden of showing that he was not negligent and did not disregard rules or regulations, or otherwise did what a reasonable person would do, with respect to the underpayment for that year.

On the instant record, we further find that petitioner has failed to carry his burden of showing that there was reasonable cause for, and that he acted in good faith with respect to, the underpayment for the year at issue. See sec. 6664(c)(1).

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is not liable for 1999 for the accuracy-related penalty under section 6662(a).

We have considered all of the parties' contentions and

arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered under</u>

<u>Rule 155</u>.