T.C. Memo. 2013-103

UNITED STATES TAX COURT

JOHN R. GUY AND HELEN GUY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19252-10.                        Filed April 11, 2013.

<u>James O. Guy</u>, for petitioners.

<u>Karen J. Lapekas</u> and <u>Michelle M. Robles</u>, for respondent.

**[*2]**　　　MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined a deficiency in petitioners' Federal income tax of $5,027[1] and a section 6662(a)[2] accuracy-related penalty of $1,005 for 2007.  The issues for decision are:

(1) whether petitioners are entitled to a $17,600 deduction for legal and professional services claimed on their Schedule C, Profit or Loss From Business.  We hold that they are entitled to deduct part of that amount; and

(2) whether petitioners are liable for the section 6662(a) accuracy-related penalty.  We hold that they are liable for the penalty on a portion of their underpayment of tax.

## FINDINGS OF FACT

At the time the petition was filed, petitioners resided in Florida.

Mr. Guy (hereinafter Dr. Guy) is a doctor who worked as a researcher for the University of Florida during 2007.  His research focuses on diseases of the eye.  He has applied for multiple patents as a result of his work and has been granted

---

[1]All dollar amounts are rounded to the nearest dollar.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2007, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] two in the United States.  Respondent has conceded that Dr. Guy was engaged in a business with regard to patents.

In 2006 the University of Florida attempted to switch Dr. Guy from research to clinical pursuits.  This attempt threatened certain grants Dr. Guy had obtained which required him to spend 80% of his time doing research.  These grants supported most of Dr. Guy's research, research which he believed would lead to a patent and which ultimately did.  Dr. Guy contested the actions of the university (a State school) in an appeals process mandated by State law.  Petitioners were unfamiliar with the process and paid two lawyers to help with the appeal.

The first lawyer petitioners paid was Stephen Bernstein.  Petitioners paid Mr. Bernstein a total of $10,000 in the form of two $5,000 checks.  The first check was dated June 19, 2006, and was deposited by Mr. Bernstein in June 2006.  The second check was dated December 29, 2006, and was deposited by Mr. Bernstein on January 30, 2007.  Dr. Guy mailed the second check to Mr. Bernstein but could not recall the date on which he mailed the check.

The second attorney petitioners paid was Dr. Guy's brother, James Guy. Petitioners introduced checks made out to James Guy during 2007 totaling

**[\*4]** approximately $35,000 in support of their claimed deductions. Of the $35,000, petitioners deducted $7,500 as a business expense.[3]

Respondent disallowed all $17,600 in deductions for legal and professional services claimed on petitioners' Schedule C. In the notice of deficiency and at trial petitioners contested only $17,500 of the disallowed deductions. No evidence or argument was introduced regarding the remaining $100.

Petitioners were cash basis taxpayers during 2007. On June 1, 2010, respondent issued a notice of deficiency to petitioners for 2007. Petitioners timely filed a petition contesting the deficiency and the penalty.

At the close of trial the Court ordered petitioners and respondent to file seriatim briefs, with petitioners filing an answering brief within one month after respondent's opening brief. Petitioners failed to file an answering brief.

OPINION

Because the Court ordered posttrial briefs and petitioners failed to file a brief, we could dismiss this case entirely. See Rules 123, 151(a); Stringer v. Commissioner, 84 T.C. 693, 704-708 (1985), aff'd without published opinion, 789 F.2d 917 (4th Cir. 1986). Despite petitioners' lack of response, we will not do so.

---

[3]It appears petitioners did not claim a deduction on their 2007 Federal tax return for any of the remaining payments made to James Guy.

**[*5]** I.  <u>Burden of Proof</u>

The Commissioner's determinations in a notice of deficiency are presumed correct, and taxpayers bear the burden of proving that the Commissioner's determinations are incorrect.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they have met all requirements necessary to be entitled to the claimed deductions.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Petitioners have indirectly argued that section 7491(a) applies in this case by stating in their pretrial memorandum that one issue is "Whether the Respondent met its burden of proof", citing Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Section 7491(a)(1) provides that if in any court proceeding the taxpayer introduces credible evidence with respect to factual issues relevant to ascertaining the taxpayer's liability for a tax (under subtitle A or B), the burden of proof with respect to such factual issues will be placed on the Commissioner.  "Credible evidence is 'the quality of evidence which, after critical analysis, the court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted.'" Baker v. Commissioner, 122 T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C. at 442).  Section 7491(a)(1) applies only if the

[*6] taxpayer complies with substantiation requirements, maintains all required records, and cooperates with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews.  Sec. 7491(a)(2).

We decide some issues in this case based on the preponderance of the evidence and need not address the burden of proof with respect to those issues.  See Knudsen v. Commissioner, 131 T.C. 185 (2008).  However, we decide the issues regarding the second payment to Mr. Bernstein and the unexplained $100 based on the burden of proof.  For reasons explained further infra, petitioners have not introduced credible evidence with respect to those two issues, and thus the burden of proof remains with petitioners.

## II.  The $10,000 Paid to Mr. Bernstein

Respondent argues that petitioners are not entitled to a deduction for 2007 for the two $5,000 amounts paid to Mr. Bernstein because those amounts were actually paid in 2006 and petitioners used the cash method of accounting.  Under the cash method of accounting, amounts representing allowable deductions shall generally be taken into account for the taxable year in which paid.  Sec. 1.461-1(a)(1), Income Tax Regs.  In addition "A taxpayer may not take into account in a return for a subsequent taxable year liabilities that, under the taxpayer's method of accounting, should have been taken into account in a prior taxable year."  Sec.

**[\*7]** 1.461-1(a)(3), Income Tax Regs.  Petitioners have not shown any exceptions to these general rules apply.

In <u>Reynolds v. Commissioner</u>, T.C. Memo. 2000-20, 2000 Tax Ct. Memo LEXIS 24, at \*32, <u>aff'd</u>, 296 F.3d 607 (7th Cir. 2002), we stated that--

> Generally, delivery of a check will constitute payment.  See <u>Estate of Spiegel v. Commissioner</u>, 12 T.C. 524, 533 (1949).  If a check is dated in one year but cashed in the next year, the deduction will not  be allowed absent proof of delivery in the year of the deduction.  See <u>Odom v. Commissioner</u>, T.C. Memo. 1982-531, affd. 707 F.2d 508 (4th Cir. 1983); <u>McCoy v. Commissioner</u>, T.C. Memo. 1971-34. \* \* \*

Considering the law, our inquiry focuses on which year each of the two $5,000 checks was delivered to Mr. Bernstein.

A.  <u>The June 2006 Check for $5,000</u>

The first check was dated June 19, 2006, and was deposited by Mr. Bernstein in June 2006.  The check was delivered to Mr. Bernstein in 2006, and petitioners are therefore not entitled to deduct this payment for 2007.  <u>See</u> <u>id.</u>

B.  <u>The $5,000 Check Dated December 29, 2006</u>

The second check was dated December 29, 2006, and was deposited by Mr. Bernstein on January 30, 2007.  Dr. Guy remembered that he mailed the second check to Mr. Bernstein but could not recall the date on which he mailed the check. In <u>Bingo v. Commissioner</u>, T.C. Memo. 1991-248, 1991 Tax Ct. Memo LEXIS

[*8] 291, at *26-*27, aff'd without published opinion, 987 F.2d 774 (11th Cir. 1993), we stated that--

> For Federal income tax purposes, delivery of checks generally will constitute payment. Clark v. Commissioner, 253 F.2d 745, 748 (3d Cir. 1958), affg. in part and revg. in part a Memorandum Opinion of this Court; * * *. The mailing of properly addressed checks may constitute delivery to the addressees. Estate of Witt v. Fahs, 160 F. Supp. 521 (S.D. Fla. 1956). * * * [Some citations omitted.]

Because Dr. Guy could not remember the date on which he mailed the second check and no evidence was presented regarding the mailing date, we find that petitioners have not introduced credible evidence with respect to this issue and have not satisfied their burden of proving that the check was delivered in 2007. Therefore, they may not deduct the $5,000 payment for 2007.

III. Amounts Paid to James Guy

Respondent does not contest that petitioners actually made payments to James Guy during 2007. Rather, respondent contends that petitioners have failed to show that any amounts paid to James Guy constituted ordinary and necessary business expenses under section 162.

Section 162(a) provides: "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". An ordinary expense is one that is common

[*9] and acceptable in the particular business. Welch v. Helvering, 290 U.S. at 114. A necessary expense is an expense that is appropriate and helpful in carrying on the trade or business. Heineman v. Commissioner, 82 T.C. 538, 543 (1984). The amount of a claimed expense must also be reasonable for the expense to be ordinary and necessary. Mathes v. Commissioner, T.C. Memo. 1990-483, 1990 Tax Ct. Memo LEXIS 538, at *16-*17 (citing Commissioner v. Lincoln Elec. Co., 176 F.2d 815, 817 (6th Cir. 1949), and United States v. Haskel Eng'g & Supply Co., 380 F.2d 786, 788-789 (9th Cir. 1967)).

Respondent argues that petitioners failed to prove that the expenses paid to James Guy were reasonable and also that petitioners failed to prove that any amounts paid to James Guy related to Dr. Guy's business.[4] See sec. 262 ("Except

---

[4]In a footnote in his posttrial brief respondent for the first time argues that even if petitioners are entitled to a deduction for any of the disputed legal fees, those fees must be capitalized and deducted over the 15-year life of the patent which resulted from Dr. Guy's research in 2007. See sec. 263; sec. 1.263(a)-4, Income Tax Regs. However, this Court has consistently refused to consider issues first raised on brief when doing so would prejudice the other party. DiLeo v. Commissioner, 96 T.C. 858, 891 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992). In this case, the fact that respondent raised the issue after trial prevented petitioners from being able to show that they could deduct the legal fees as current expenses. See sec. 174(a) (a taxpayer may choose to "treat research or experimental expenditures which are paid or incurred by him during the taxable year in connection with his trade or business as expenses which are not chargeable to capital account"). Accordingly, we find that respondent raised the issue too late, and we will not consider it.

**[*10]** as otherwise expressly provided * * * no deduction shall be allowed for personal, living, or family expenses."); Benson v. Commissioner, T.C. Memo. 2007-113, 2007 Tax Ct. Memo LEXIS 114, at *9 ("A taxpayer is entitled to deduct under section 162(a) expenses for legal fees 'if the suit against the taxpayer "'arises in connection with" or "proximately results from" the taxpayer's business or profit-seeking activity.'" (quoting O'Malley v. Commissioner, 91 T.C. 352, 361-362 (1988))).  However, upon reviewing the evidence and the testimony, we side with petitioners.  We found Dr. Guy's testimony to be credible and further find that it, combined with the other evidence, establishes that petitioners paid James Guy a reasonable amount (less than what petitioners paid Mr. Bernstein) to assist Dr. Guy with his dispute with the University of Florida regarding his research.  This research led to Dr. Guy's receipt of a patent after 2007.  We therefore believe that legal fees paid with regard to Dr Guy's dispute with the University of Florida proximately resulted from his profit-seeking activities and were thus deductible under section 162(a) as a business expense.

IV.  The Unexplained $100

Petitioners provided no explanation for the remaining $100 of claimed legal expenses.  Because they have introduced no evidence or explanation, petitioners have failed to prove their entitlement to a deduction for this $100.

**[\*11]** V.  <u>Section 6662(a) Accuracy-Related Penalty</u>

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty if any part of an underpayment of tax required to be shown on a return is due to negligence or disregard of rules or regulations or a substantial understatement of income tax.  The penalty is 20% of the portion of the underpayment of tax to which the section applies.  Sec. 6662(a).  No penalty applies to the portion of the underpayment attributable to the $7,500 deduction for legal payments made to James Guy, which we have found petitioners to be entitled to.

The Commissioner bears the burden of production on the applicability of an accuracy-related penalty in that he must come forward with sufficient evidence indicating that it is proper to impose the penalty.  <u>See</u> sec. 7491(c); <u>see also</u> <u>Higbee v. Commissioner</u>, 116 T.C. at 446.  Once the Commissioner meets this burden, the burden of proof remains with the taxpayer, including the burden of proving that the penalty is inappropriate because of reasonable cause and good faith.[5]  <u>See</u> <u>id.</u> at 446-447.

An individual substantially understates his or her income tax when the reported tax is understated by the greater of 10% of the tax required to be shown

---

[5]Petitioners have not argued that they acted with reasonable cause and in good faith, and the facts do not support a conclusion that they did.

[*12] on the return or $5,000. Sec. 6662(d)(1)(A). Respondent determined that petitioners had a deficiency of $5,027. However, because we have found that petitioners were entitled to a $7,500 deduction for legal expenses paid to James Guy that respondent disallowed, the understatement of income tax was less than $5,000. We therefore find that petitioners' underpayment is not attributable to a substantial understatement of income tax.

We next consider whether petitioners' underpayment is attributable to negligence or disregard of rules or regulations. For purposes of section 6662, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, and the term 'disregard' includes any careless, reckless, or intentional disregard. Sec. 6662(c). We will consider whether petitioners acted negligently or in disregard of rules or regulations with respect to each of the two $5,000 checks written to Mr. Bernstein as well as the unexplained $100.

A. The Unexplained $100

Petitioners deducted $17,600 in legal fees on their Schedule C, all of which respondent disallowed. Petitioners contend only that they were entitled to deduct $17,500 of legal expenses and have not addressed or presented evidence with respect to the remaining $100. Considering the facts of the case, we find that

[*13] respondent has met his burden of production with respect to the applicability of the accuracy-related penalty to this $100 and that petitioners have not proven that they did not act negligently in claiming the $100 deduction. Therefore, the amount of the underpayment attributable to the disallowed $100 deduction is subject to the 20% accuracy-related penalty.

### B. The First Check to Mr. Bernstein

The first check to Mr. Bernstein was dated June 19, 2006, and he deposited it in June 2006. Petitioners claimed this payment as a deduction for 2007. Considering the dates regarding when the check was written and deposited, we find that respondent has met his burden of production with respect to the applicability of the accuracy-related penalty to the portion of the underpayment attributable to this $5,000 and that petitioners acted negligently by claiming the deduction. Therefore the amount of the underpayment attributable to this $5,000 is subject to the 20% accuracy-related penalty.

### C. The Second Check to Mr. Bernstein

The second check to Mr. Bernstein was dated December 29, 2006, and he deposited it on January 30, 2007. Considering these dates and Dr. Guy's uncertainty as to when he mailed the check, we find that petitioners did not act negligently (or carelessly or recklessly and did not intentionally disregard rules or

[*14] regulations) when they claimed a $5,000 deduction for the amount of the check for 2007. Therefore they are not liable for the accuracy-related penalty with respect to the underpayment of tax attributable to this $5,000.

VI. Conclusion

We find petitioners are entitled to deduct $7,500 of the $17,600 in disputed Schedule C expenses. We further find that petitioners are liable for the 20% accuracy-related penalty with respect to a portion of the underpayment of tax, as discussed supra.

To reflect the foregoing and concessions by the parties,

Decision will be entered

under Rule 155.